Case 2:16-cv-00247 Document 6 Filed in TXSD on 06/23/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PATRICK DIXON, <br> TDCJ #01954209, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-CV-147 |

## ORDER TO TRANSFER

The petitioner, Patrick Dixon (TDCJ #01954209), is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Dixon has filed a petition for a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254 (Dkt. 1), and he has requested that the Court transfer the matter to the Corpus Christi Division of the Southern District of Texas (Dkt. 5). The Court **GRANTS** Dixon's motion (Dkt. 5).

Because Dixon is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have

concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *Wadsworth v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000).

Brazoria County, where Dixon is presently confined, is located here in the Southern District of Texas, Galveston Division—*see* 28 U.S.C. § 124(b)(1)—but the inquiry does not necessarily end there because Nueces County, where the challenged state court conviction was actually entered, is located in the Southern District of Texas, Corpus Christi Division. *See* 28 U.S.C. § 124(b)(6). In other words, although Dixon is currently incarcerated in this division, the conviction that he challenges has no ties to it. Under these circumstances, a transfer is appropriate. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970).

The federal habeas corpus statutes provide that a district court for the district in which an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is generally the policy of the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985. Because the state court conviction at issue in this case was entered in the

Southern District of Texas, Corpus Christi Division, the petition will be transferred to that venue in compliance with Southern District policy.

Accordingly, based on the foregoing, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Southern District of Texas, Corpus Christi Division.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ___June 23___, 2016.

                                        GEORGE C. HANKS, JR.
                                      UNITED STATES DISTRICT JUDGE